IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>1301 K Street, N.W.<br>Washington, D.C. 20071<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br>DEPARTMENT OF JUSTICE<br><br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>Defendant. | Civil Action No. 1:17-cv-01340 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff WP Company LLC d/b/a *The Washington Post* ("the *Post*") brings this suit against the United States Department of Justice ("DOJ"). In support thereof, the *Post* states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. The *Post* seeks the immediate processing of its FOIA request to the DOJ for communications related to diversion enforcement actions by the Drug Enforcement Administration ("DEA") against Cardinal Health and CVS for failing to report to the DEA, and instead filling, thousands of illegal orders for highly-addictive opioids.

2.	In violation of the FOIA, the DEA has constructively denied the *Post's* request for these records to which no exemptions apply.

## PARTIES

3.	Plaintiff, the *Post*, is a news organization based in Washington, D.C.  It publishes the leading daily newspaper, by print circulation, in the nation's capital, as well as the website washingtonpost.com, which reaches more than 65 million unique visitors per month, according to independent auditor comScore.  The *Post* has won 47 Pulitzer Prizes.

4.	Defendant, the DOJ, is a department of the Executive Branch of the United States, and an agency within the meaning of 5 U.S.C. § 552(f)(1).  The DOJ has possession and control of the records requested by the *Post*.

## JURISDICTION AND VENUE

5.	This action arises under the FOIA.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.	Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

7.	The number of opioid prescriptions in the United States has swelled from 112 million in 1992 to 249 million in 2015.

8.	The highly-addictive painkillers have claimed nearly 180,000 lives in the United States since 2000.

9.	Despite these alarming numbers, DEA diversion enforcement actions against pharmaceutical companies illicitly distributing opioids have declined.

10.	The *Post* has been at the forefront of reporting on the ever-worsening opioid

epidemic gripping the country, including the DEA's diversion enforcement actions against Cardinal Health—one of the largest wholesale distributors of pharmaceuticals in the country—and CVS—the largest pharmacy chain in the country.

11. Cardinal Health was represented by attorneys Jamie S. Gorelick and Craig S. Morford. Both Gorelick and Morford are former U.S. deputy attorneys general. Both communicated with the DEA concerning the enforcement action against Cardinal Health.

12. On May 11, 2016, *Post* Deputy Editor David Fallis and reporter Lenny Bernstein requested by letter to Laurie Day, DOJ Chief of the Initial Request Staff, Office of Information Policy, the following records from 2010 through 2016:

> 1- Correspondence among officials with the Office of the Deputy Attorney General and Jamie Gorelick and/or Craig Morford (or individuals on their behalf) regarding the DEA investigations of prescription drug diversion involving Cardinal Health and/or CVS. The ODAG officials involved would include James Cole, James Dinan, Matthew Cohen, Stuart Goldberg and Molly Moran.
>
> 2- Correspondence among officials with the Office of the Deputy Attorney [General] and officials with the DEA's Office of Diversion Control and/or DEA office of general counsel regarding the DEA investigations of prescription drug diversion involving Cardinal Health and/or CVS. The ODAG officials involved would include James Cole, James Dinan, Matthew Cohen, Stuart Goldberg and Molly Moran.

The *Post* also requested a fee waiver as a representative of the news media. A copy of the *Post*'s May 11, 2016 request is attached as Exhibit A.

13. By e-mail on May 13, 2016, the *Post* requested expedited processing of its request.

14. On May 26, 2016, Vanessa R. Brinkmann acknowledged the request on behalf of the Office of the Deputy Attorney General by letter and granted the *Post's* request for a fee waiver. Ms. Brinkmann informed the *Post* that the Director of Public Affairs had reviewed and

denied the *Post's* request for expedited processing. She further stated that the agency had determined that the "request falls within 'unusual circumstances'" that would result in an extension in the time limit to respond beyond the ten additional days provided by 5 U.S.C § 552(a)(6)(B)(i)-(iii). Ms. Brinkmann, however, failed to provide the date on which a determination on the request was expected, as required by 5 U.S.C. § 552(a)(6)(B)(i). A copy of the May 26, 2016 letter is attached as Exhibit B.

15. On July 15, 2016, the Government Information Specialist assigned to this request informed the *Post* that the search for responsive records had not yet been completed. A copy of the July 15, 2016, email is attached as Exhibit C.

16. On September 7, 2016, the Government Information Specialist via e-mail informed the *Post* that "[t]he searches are still not complete." A copy of the September 7, 2016 e-mail is attached as Exhibit D.

17. Four months later, on November 9, 2016, the Government Information Specialist again informed the *Post* that the DOJ was still trying to locate records in response to the *Post's* request.

18. The agency's delay in even searching for records in this case is all the more troubling given the DEA's recent directive to purge e-mails older than three or four years.

19. On January 11, 2017—nearly seven months after the *Post's* initial request—the Government Information Specialist informed the *Post* that its request had been transferred to another Government Information Specialist. A copy of the January 11, 2017 e-mail is attached as Exhibit E.

20. Shortly thereafter, on January 13, 2017, the new Government Information Specialist confirmed via e-mail that the search had been completed and sent to the Justice

Management Division for processing. A copy of the January 13, 2017 e-mail is attached as Exhibit F.

21. On April 11, 2017, the new Government Information Specialist notified the *Post* by telephone that 3,600 documents and 7,000 different items with attachments included had been pulled. The next day he updated the *Post* by telephone that 500 emails had been identified as responsive to the public records request. He assured the *Post* that the review of those 500 emails would begin shortly.

22. Having received no further communications from the DOJ, on May 1, 2017, the *Post* filed an administrative appeal of the constructive denial of its FOIA request with the DOJ Office of Information Policy ("OIP"). A copy of the *Post*'s administrative appeal is attached as Exhibit G.

23. On May 16, 2017, OIP denied the *Post*'s administrative appeal. The letter from Matthew Hurd, Associate Chief of the Administrative Appeals Staff claimed, contrary to the clear language of the FOIA, that the DEA's failure to respond to the *Post*'s request within the statutory time limits was not an "adverse determination" subject to administrative appeal. A copy of OIP's May 16, 2017 letter is attached as Exhibit H.

24. The DOJ has provided no further updates on the *Post*'s request.

25. As of the date of this filing, the DOJ has not produced any responsive records or provided a timetable for production, despite having identified 500 records responsive to the *Post*'s request nearly three months ago.

26. There is no excuse for the DOJ's failure to comply with its FOIA obligations and its meritless delay in this case.

27. There is no basis to withhold the records requested by the *Post* under the FOIA.

## CLAIM FOR RELIEF

### COUNT I
### (Declaratory and Injunctive Relief:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552)

28. The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

29. The FOIA provides this Court with "jurisdiction to enjoin the [DOJ] from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

30. The records referenced above are agency records within the DOJ's control.

31. The FOIA requires that within 20 working days of receiving a request, or within 30 workings days, if, as in this case, the agency determines the request presents "unusual circumstances," an agency notify a requester of: the scope of the records that the agency will produce; the scope of the records that the agency plans to withhold under any FOIA exemptions; the right to seek assistance from a FOIA Public Liaison or the Office of Government Information Services; and the right to appeal any adverse determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

32. The DOJ received the *Post*'s FOIA request on May 11, 2016.

33. Pursuant to the FOIA, the DOJ was required to respond to the *Post*'s request within 30 working days, or by June 23, 2016, at the very latest. 5 U.S.C. § 552(a)(6)(B)(i).

34. More than a year later, the DOJ has not provided any substantive response to the *Post*. It has not produced any of the requested records or provided a timetable for production.

35. There is no basis under the FOIA to withhold the records requested by the *Post* and the DOJ has, thus, wrongfully withheld agency records in violation of the FOIA.

36. The *Post* has exhausted its administrative remedies with respect to the DOJ's failure to respond to its public records request and failure to produce the requested public records. 5 U.S.C. § 552(a)(6)(C)(i).

37. The *Post* requests a declaratory judgment that the DOJ has violated the FOIA and that the *Post* is entitled to immediately receive the records referenced above.

38. The *Post* further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction to the DOJ to process the *Post*'s request and produce the requested agency records.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the DOJ's failure to provide responsive records is unlawful under the FOIA;

B. Enter an injunction that directs the DOJ to immediately process the *Post*'s May 11, 2016 records request;

C. Enter an injunction that directs the DOJ to make all requested records available to the *Post*, unredacted, and without further delay;

D. Provide for expeditious proceedings in this action;

E. Award the *Post* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Charles D. Tobin
Charles D. Tobin (#455593)
Adrianna C. Rodriguez (#1020616)
BALLARD SPAHR LLP
1909 K St., N.W., 12th Floor
Washington, D.C. 20006-1157
Telephone: 202-661-2200
Facsimile: 202-661-2299

*Counsel for Plaintiff WP Company LLC
d/b/a The Washington Post*

Dated: July 7, 2017